### T. D. SCOTT v. THE STATE.

No. 9207.    Delivered June 10, 1925.

Rehearing Denied October 21, 1925.

1.—Possession of Intoxicating Liquor—Bills of Exception—When Not Intelligible—Cannot be Reviewed.

Where bills of exception, as in this case, with appellant's bills 1, 2, 3, 4 and 5, do not show the surrounding circumstances or the facts attendant upon or precedent to the matters complained of, does not apprise this court, in an intelligible way of what appellant is complaining of, nor enable us to determine what particular error is pointed out, and for this reason, none of the above enumerated bills can be considered.

2.—Same—Jeopardy—Plea of—Properly Overruled.

Where appellant was tried upon an indictment containing two counts, and convicted on the only count submitted by the court and again placed upon trial, on his subsequent trial his acquittal under the count that was not

submitted, would not bar a conviction under the same count for which he had been previously convicted.

3.—Same—Charge of Court—Exceptions to—Practice.

Where the exceptions taken to the court's charge were, that same was "(1) On the weight of the testimony. (2) Suggests that there was testimony tending to show a sale of liquor. (3) Does not properly limit the proof of other crimes," are too indefinite to call for any consideration at the hands of this court.

4.—Same—Argument of Counsel—Held Not Improper.

Where counsel for appellant in his argument to the jury had pointed out that appellant had proven a good reputation, there was no error in permitting the state's attorney in reply to state that the state spoke as to appellant's reputation through the grand jurors who had indicted him.

5.—Same—Continued.

Nor were the statements of counsel for the state in his argument to the jury that "He, the defendant, was sworn to tell the truth, and did not tell it," and in reply to counsel for appellant to say "We are going to try the other case, he had better get ready for trial" of such a character as to call for a reversal of the case. No reversible error being shown, the judgment is affirmed.

ON REHEARING.

6.—Same—Requested Charge—Properly Refused.

Where evidence was introduced, and appellant himself also admitted that he was at the time of his trial under numerous indictments for violating the liquor laws, both in the state and federal courts, a requested charge that the jury could not consider these charges for any purpose, unless they believed, beyond a reasonable doubt that he was guilty of the offenses charged, was properly refused. The court having limited in his charge the consideration of these cases for impeachment purposes, no error is presented.

Appeal from the District Court of Wichita County. Tried blow before the Hon. Guy Rogers, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Mathis & Caldwell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the district court of Wichita County for possession of intoxicating liquor; punishment fixed at one year in the penitentiary.

The facts amply support the conclusion of the jury. Bills of exceptions Nos. 1, 2, 3, and 4 are so wholly devoid of any statement of the surrounding circumstances, or the facts attendant upon or

precedent to the matters complained of, as that we are unable to find out whether same could have been hurtful to the accused. To select some isolated fact or disconnected statement or single occurrence and merely state in a bill of exceptions that it was said or took place, without any showing of the surroundings, is not enough. We need cite no authorities to support the proposition that when a bill of exceptions is in such condition as that we cannot determine its error without searching through the entire statement of facts or transcript, it is not sufficient. Substantially what we have said is true of bill No. 5, which sought to have the jury charged by special instruction that evidence of other offenses had been introduced in evidence and such testimony could not be considered unless the jury believed beyond a reasonable doubt that the defendant was guilty of said other offenses. This is not an invariable rule applicable to such testimony in all cases. The accused may be asked, or witnesses may be asked, under some circumstances, if the accused has not been arrested and charged with crime. This may have been what occurred in the case before us. We cannot tell from the bill.

When an indictment contains two counts and the State announces, or the court for the State concludes, that the prosecution shall proceed upon only one count, such announcement being made at the conclusion of the introduction of the State's testimony, the fact that this would be tantamount to an acquittal under the count thus abandoned, would not give the accused any right to plead this, which amounts in law to an acquittal, in bar to further prosecution under the remaining count. This disposes of appellant's bills of exception Nos. 6 and 7.

Appellant's exceptions to the court's charge were as follows:

"(1) On the weight of the testimony.

(2) Suggests that there was testimony tending to show a sale of liquor.

(3) Does not properly limit the proof of other crimes."

Such purported exceptions are too indefinite to call for any consideration at the hands of this court.

Appellant having been asked while on the witness stand if it was not true that he was under indictment in other felony cases, and the defense having introduced witnesses who testified to appellant's good reputation, it was not a transgression of the rules of legitimate argument for the State's attorney, in reply to that of the defense counsel urging the good reputation of the defendant, to claim that the State spoke as to appellant's reputation through the grand jurors who indicted him.

Complaint that the State's attorney said to the jury: "We are trying to put a stop to the sale of poison," in his argument—the bill setting out nothing further—presents nothing for our consider-

ation.  This is true of the bill of exceptions complaining of the state-
ment in argument by the State's attorney as follows:  ''He, the de-
fendant, was sworn to tell the truth and did not tell it.''

The State's attorney in his argument said:  'We are going to
try the other case; he had better get ready for trial.''  This was
objected to.  In his qualification the court says it was charged by
appellant's attorney in his argument that the other cases against
him were untried, and that it was inferentially stated that if there
was anything in them they would have been tried, and that in reply
to this the State's attorney made the statement objected to.  The
statement of the county attorney that he liked appellant and hated
to prosecute him was of no materiality.

We have examined all the complaints made by appellant and have
referred to most of them.  None of them present any error.  The
judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Brown and Mason swore positively on
the trial to having purchased from appellant a quart of whiskey in
July, 1924.  Two State witnesses, England and Ball, swore to having
purchased from appellant intoxicating liquor in October, 1923.  Ap-
pellant testified in his own behalf and admitted that in addition to
the instant case, he was indicted for selling liquor to England, and was
under indictment in Montague County for transportation and pos-
session of whiskey, and was indicted in the Federal court, and was
also under indictment for selling whiskey to R. D. Kelley.  In this
condition of the record appellant asked the court to give a special
charge as follows:

''Gentlemen of the Jury:  You are charged as part of the law
in this case, that in the trial hereof evidence of other offenses
has been introduced in evidence and I now charge you that you
cannot consider such testimony with reference to other offenses for
any purposes whatsoever, unless you find and believe from the
evidence beyond a reasonable doubt, that the defendant was guilty
of said other offenses if any were committed.''

Complaint is made of our disposition of the refusal of this charge.
Probably we should have said that such charge, under the facts of
this case, was too indefinite, inapplicable and confusing.  When
appellant admits that he is or has been under indictment for one
or more offenses, it would be wrong for the trial court to tell the
jury that they could not consider evidence of other offenses, unless
the State had proven appellant's guilt beyond a reasonable doubt in
the matters inquired about; such testimony being admissible as affect-

ing credibility. Appellant in no way confined his requested charge to the occurrence of October, testified to by Ball and England, but makes said charge embrace "all testimony with reference to other offenses." It would appear clear that such a charge was properly refused.

In addition to what we have just said, we observe that the trial court gave appellant's special charge as follows:

"Gentlemen of the Jury: You are charged as part of the law in this case that the testimony given with reference to other offenses than that charged in the indictment can not be used by you against the defendant for any purpose unless from said testimony you believe that the defendant on or about the 4th day of July, 1924, had in his possession intoxicating liquor for the purpose of sale."

We further observe that appellant, who ran a cold drink stand, when cross-examined as to the Ball and England sale in October, repeatedly asserted that he did not sell said parties any "whisky." In his main charge the court instructed the jury as follows:

"The evidence before you concerning an alleged sale of liquor on or about the 10th day of October, 1923, by the defendant, if you find he made such sale, can only be considered by you as a circumstance tending to show, if you find that it does tend to show, that the defendant had possession of intoxicating liquor for the purpose of sale, on or about July 4, 1924.

"You are charged as part of the law in this case, that the testimony as given by the witnesses Ball and England, with reference to the purchase of liquor, if same was sold, cannot be considered by you for any purpose, unless you find and believe from the evidence beyond a reasonable doubt, that the liquor so purchased, if same was purchased, was capable of producing intoxication."

This sufficiently covered the point.

Believing that the trial court correctly refused the special charge, and that the issues in the case were properly covered by the charge as given, and that the opinion reached the correct conclusion, the motion for rehearing will be overruled.

*Overruled.*