511 P.2d 779

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Simon Melendrez MARTINEZ, Defendant-Appellant.**

**No. 1123.**

Court of Appeals of New Mexico.

June 13, 1973.

Leonard T. May, Carlsbad, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The trial court denied defendant's motion for post-conviction relief; defendant appeals. Section 21–1–1(93), N.M.S.A.1953 (Repl.Vol. 4).

 1. Jones v. State, 81 N.M. 568, 469 P.2d 717 (1970) points out: (a) that "Post conviction proceedings are not a method of obtaining consideration of questions which might have been raised on appeal . . .;" (b) that post-conviction review is not available ". . . where the facts submitted were known or available to the petitioner at the time of his trial . . .;" and (c) the foregoing limitations on post-conviction review apply to constitutional issues. See Apodaca v. State, 84 N.M. 172, 500 P.2d 742 (Ct.App.1972); State v. Beachum, 83 N.M. 526, 494 P.2d 188 (Ct.App.1972).

The record discloses that each of the matters asserted by defendant in this ap-

peal are based on matters occurring at trial and, thus, based on facts known to defendant at trial. The issues raised here could have been raised on appeal. They were not. Defendant may not obtain review of these issues in a post-conviction proceeding. Jones v. State, supra.

2. Defendant did not appeal from his conviction of armed robbery. Section 40A–16–2, N.M.S.A. 1953 (2d Repl. Vol. 6). Instead, he filed his motion for post-conviction relief. One reason given by the trial court in denying the motion was that ". . . Defendant had not exhausted the remedies afforded him by appeal. . . ." The only basis for this ruling, in the record, is that the time for appeal had not expired when the motion was filed. This situation is the opposite of that in State v. Reyes, 79 N.M. 632, 447 P.2d 512 (1968) where it was held that a post-conviction motion does not affect the right to a direct appeal.

Paragraph 1 of this opinion points out that post-conviction issues do not include matters which could be raised on direct appeal. Section 21–1–1(93), supra, does not require there to have been an appeal before a post-conviction motion may be considered. Thus, the trial court was incorrect in reasoning that a post-conviction mo-

tion should be denied because the time for a direct appeal had not expired.

3. The trial court also denied the post-conviction motion after "having reviewed the file" and concluding the motion was "not well taken." Defendant does not assert, in this appeal, that any claims made in the post-conviction motion are a basis for post-conviction relief, or that an evidentiary hearing was required in connection with those claims. The issues presented in this appeal, referred to in Paragraph 1 of this opinion, are not asserted in the post-conviction motion, but are raised for the first time on appeal. Specifically, defendant does not attack the trial court's ruling on the basis that the files and records. fail to conclusively show that he is not entitled to relief. See § 21–1–1(93) (b), supra.

There being no contention that any claims asserted in the motion entitled defendant to post-conviction relief, and the issues raised on appeal not being matters reviewable in a post-conviction proceeding, the order denying the motion for post-conviction relief is affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.