283 So.2d 137 (1973)
William Beason MORRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 72-663.
District Court of Appeal of Florida, Second District.
September 14, 1973.
Walter R. Talley, Public Defender, Bradenton, and William Beason Morrison, in pro. per. for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Judge (Ret.).
Appellant William Beason Morrison was tried and convicted in the Polk County Criminal Court of Record of the offense of second degree murder, and was thereupon sentenced to serve a term in the state prison. Almost three years later he filed in the trial court a motion to vacate said judgment and sentence, which motion was denied. He has appealed such denial to this court, and the public defender, appointed to represent Morrison on this appeal, has filed brief in this court in his behalf.
Motion for post-conviction relief raised generally two points, (1) that he was denied a "speedy trial," and (2) he had the ineffective assistance of counsel.
As to the "speedy trial" contention, such matter could have been raised on direct appeal from the judgment of conviction, and having failed so to do, the contention may not now be urged.
As to the other point, that his counsel was ineffective, there is no allegation as to what the ineffectiveness consisted of. A "conflicting interest" was mentioned, but the Court is not advised as to what that conflict was. He complains that his counsel failed to call some "extremely valuable" witnesses and failed to ask certain "pertinent questions" of the witnesses at the trial, but as to who the valuable witnesses were is not stated; likewise the pertinent questions that could have been asked. It is settled law in this state that a post-conviction motion for relief must allege factual matters and not conclusions.
Appellant has failed to demonstrate ineffective assistance of counsel. As this court stated in Bankston v. State, Fla. App. 1973, 279 So.2d 326:
"Success is not the measure of counsel's effectiveness, and mere errors of judgment as disclosed by subsequent events are not sufficient to establish ineffective *138 assistance of counsel; United States v. Hammonds, (1970), 138 U.S. App.D.C. 166, 425 F.2d 597; United States v. Rosebar, 1972, 150 U.S.App. D.C. 164, 463 F.2d 1255. The appropriate standard for ineffective assistance of counsel is whether gross incompetence blotted out the essence of a substantial defense; Bruce v. United States, 1967, 126 U.S.App.D.C. 336, 379 F.2d 113; Scott v. United States, 1970, 138 U.S. App.D.C. 339, 427 F.2d 609."
For the foregoing reasons, among others, the order denying post-conviction relief was without error, and the same is hereby
Affirmed.
MANN, C.J., and LILES, J., concur.