19726

Cleveland Louis SELLERS, Appellant, v. Sheriff of Orangeburg County, South Carolina, Vance L. BOONE, Respondent

(200 S. E. (2d) 686)

*Messrs. John E. Bishop,* of Greenville, and *Jack Green-berg* and *Charles Stephen Ralston,* New York City, *for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmett H. Clair, Robert M. Ariail, Asst. Attys. Gen.,* of Columbia, *for Respondent,* cite:

November 26, 1973.

BUSSEY, Justice:

The instant appeal is from an order of the judge of the First Judicial Circuit denying appellant's application for post-conviction relief. Appellant was arrested on February 9, 1968, following his alleged participation in certain racial disturbances in Orangeburg, South Carolina, and was later indicted on three counts, the first of which charged him with conspiracy to commit the crime of riot, the second of which charged inciting persons to commit a riot, and the third of which charged him with the offense of riot. Upon his trial at the September 1970 term of court, upon appellant's motion, the judge directed a verdict of not guilty as to counts one and two of the indictment, to wit: conspiracy to riot and incitement to riot, but submitted count three charging the offense of riot to the jury, which returned a verdict of guilty. His conviction was affirmed by this Court. *State v. Sellers,* 257 S. C. 35, 183 S. E. (2d) 889.

A petition for writ of *certiorari* was denied by the Supreme Court of the United States on January 22, 1973. The appellant has now served his sentence of one year, less good conduct time, but was still incarcerated when this proceeding was commenced on June 26, 1973.

Upon his prior appeal, appellant contended that the evidence was insufficient to convict him of the crime of riot because there was no evidence of any act of violence committed personally by him in the course of the riot. In affirming his conviction, this Court pointed out that one who is present aiding and abetting in the commission of a misdemeanor is a principal and that there was ample evidence to sustain the inference that the "conduct of appellant encouraged, incited and promoted the riot" and that such was sufficient to support his conviction.

The sole contention of appellant in the present proceeding is that this Court's affirmation of his conviction on the basis aforesaid, violated the double jeopardy clauses of both State and Federal Constitutions, since he had been the recipient of a directed verdict of not guilty in the lower court as to the count charging "incitement to riot". His contention is indeed a novel one and we think it without any merit for a variety of reasons. To begin with, the issue has not been timely raised. While conceivably a situation might arise wherein a question of double jeopardy would arise out of the affirmation by an appellate court of conviction, *under the circumstances of this case,* we deem it certain that if there were any double jeopardy as contended by him, such occurred when the trial judge submitted the third count to the jury after having directed a verdict of not guilty as to the second count. The evidence supporting submission of the third count by the trial judge was the same evidence relied upon by this Court as sufficient to sustain the conviction. No point of double jeopardy was then made, nor raised in the course of his first appeal. Again, after our affirmance of his conviction, he had, of course,

opportunity to petition for a rehearing, if it was deemed, as now contended, that double jeopardy arose only upon our affirmance, but this he did not do.

Waiving, however, his failure to timely raise the issue, the contention is still without merit. He, of course, argues that the only evidence against him tended to prove the crime of "incitement to riot" and that since by directed verdict he was acquitted of that particular count, his conviction of the crime of riot on the same identical evidence constituted double jeopardy. There is, to say the least, grave doubt as to whether any such crime as "incitement to riot" exists in this State. If such a crime does exist, it would apparently be by virtue of the Act of 1712 whereby, with certain exceptions, the common law of England was adopted as the law of this State. Inquiry naturally follows as to whether any such crime was known to the common law of England in the year 1712. In 54 Am. Jur. (2d), 506, Mobs and Riot, Sec. 4, it is said that "inciting to riot" is a common law crime. Language to the same effect is contained in 77 C. J. S. Riot § 1(a), 422. Neither text, however, cites any English authority for this proposition and, as far as this writer has been able to ascertain, the texts are predicated primarily upon the Pennsylvania case of *Commonwealth v. Merrick*, 65 Pa. Super. 482, 499, decided in 1917. It is clear from that decision, as well as other Pennsylvania cases, that the crime "inciting to riot" is regarded in Pennsylvania as a common law crime, but the opinion in the cited case refers to no English authority for the precise proposition. At least several other states have followed the Pennsylvania pronouncement that such is a common law crime but without any apparent examination of the origin of the proposition.

Blacktsone in his Commentaries, Book IV, 142-147, deals at length with the law as to affrays, riots, routs and unlawful assemblies, but makes no mention of any offense known *eo nomine* as "incitement to riot" or "inciting to

riot". I quote the following from the footnotes to Cooley's Blackstone, Book IV, page 146,

"One who, by speech, stirs up a riot, but is absent from the actual disturbance, is guilty of rioting, if the speech and the disturbance are inseparably connected. *R. v. Sharpe,* 3 Cox C. C. 288."

Such would seem to negate any idea of a separate offense known and designated as "incitement to riot" and to be in keeping with the established common law principle that in misdemeanors there were no accessories before the fact, all who contributed to the commission of the misdemeanor being deemed guilty as principals. Blackstone, IV, 35.

If, as the foregoing would seem to indicate, there is in this jurisdiction no such separate offense or crime, known to the law as "incitement to riot", it would naturally seem to follow that one would not be in jeopardy as a result of being charged in one count in an indictment with a non-existent crime and, hence, not subjected to double jeopardy by being charged in the same indictment with a recognized crime and convicted thereof. If, on the other hand, Pennsylvania was correct in concluding that "inciting to riot" was a recognized crime at common law, there would still be no merit in appellant's contention. An examination of the cases cited in support of the American Jurisprudence and *Corpus Juris Secundum* texts above mentioned, and the decisions from other states who have adopted the Pennsylvania rule, shows that in those jurisdictions "inciting to riot" is a separate and distinct offense from riot and is not necessarily a constituent element of riot in that one may incite a riot but not participate in it, or may be concerned in a riot without having incited it. It is also apparent from the rule in Pennsylvania that the offense of inciting to riot becomes merged in the more serious crime of riot where the offender is present and participating at the scene.

An analysis of the trial judge's comments in passing upon the motions for directed verdicts would indicate that he was

influenced by the texts above cited and the Pennsylvania cases. He stated that, as he understood the cases, the crimes of riot and "inciting to riot" were two distinct and separate crimes. We quote the following from his comments:

"A person might incite the riot, encourage the riot, thereby creating a mob which does riot and the person does not himself participate in the riot, then he has committed the offense of (inciting) to riot. But if the person himself does in fact participate in the riot himself, then the nature of the offense would be riot."

His comments clearly show that he directed a verdict as to count two because he concluded that, under the evidence, the appellant being present at and during the course of the riot, the offense of which he was guilty, if any, was riot, rather than "inciting to riot". His direction of a verdict as to count two clearly did not exonerate the appellant of the conduct upon which his conviction was based and affirmed.

In the case of *Ottomano v. United States,* 468 F. (2d) 269 (1st Cir. 1972), cited by the appellant, the court pointed out there that, as here, in directing a verdict as to one count of the indictment the trial judge had made no finding of fact favorable to the accused. There, the trial court directed a verdict of acquittal on a count charging conspiracy, because of a fatal variance, but the accused was convicted of the substantive count and his conviction upheld, despite a contention by the accused of double jeopardy. To revert to the Pennsylvania rule, it is clear that the elements of the two distinct crimes there recognized are not the same. Hence, even if we assume the soundness of the Pennsylvania rule and that its origin was the common law of England which was made the law of South Carolina by virtue of the statute, there still would be no merit in appellant's contention of double jeopardy.

As a general rule, the withdrawal of a count of an indictment from the consideration of the jury amounts to an acquittal of the charge contained in

that count, but does not work an acquittal of a charge contained in another count on the basis of double jeopardy. Accordingly, a dismissal or discontinuance as to one or more counts of an indictment or as to one of several indictments, is no bar to a prosecution on the others. 22 C. J. S. Criminal Law § 257, 668. To state the same principle another way, where there is only one trial and one conviction upon one count, as in the present case, no double jeopardy arises by virtue of one or more counts in the indictment being dismissed by direction of verdict or otherwise in the course of the trial and prosecution continuing as to another count. As was aptly said by the Supreme Court of Alabama in *Oliver v. State*, 234 Ala. 460, 175 So. 305, 307,

"The accused is still in the same jeopardy, not twice in jeopardy, in one trial under the same indictment, or such counts thereof as the state chooses to retain. If two counts were identical, provable by the same evidence, there can be no sound reason why one may not be *nol prossed* to avoid prolixity and the trial proceed under the other." See also *People v. Dreyer*, 71 Cal. App. 181, 162 P. (2d) 468; *People v. Tenerowicz*, 266 Mich. 276, 253 N. W. 296, 304; *Scott v. State*, 101 Tex. Cr. R. 598, 276 S. W. 283.

It is obviously unnecessary for us to decide whether perchance there exists in this State a separate and distinct crime known as "inciting to riot" or "incitement to riot" for in any view of the matter, there is no merit in the appeal.

Affirmed.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ. concur.