Joseph B. GAMACHE,
Defendant-Appellant,

v.

STATE of Missouri. Plaintiff-Respondent.

No. 37832.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 1, 1977.

Motion for Rehearing or Transfer
Denied March 15, 1977.

Application to Transfer Denied
May 10, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., J. A. Roche Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Petitioner appeals from the denial of his motion under Rule 27.26 to vacate the judgment which convicted him of Robbery First Degree. The trial court denied the motion without an evidentiary hearing. We affirm.

The petitioner contends that "The trial court erred in overruling appellant's 27.26 motion to vacate and denying him an evidentiary hearing because his conviction was unconstitutionally obtained by the use of prior counselless convictions to evidence his guilt and to impeach his credibility."

In May of 1973 defendant was tried and convicted by a jury of Robbery in the First

Degree and was sentenced to 15 years in the custody of the Department of Corrections under the Second Offender Act. This conviction was affirmed upon direct appeal. *State v. Gamache,* Mo.App., 519 S.W.2d 34 (1975).

In the trial of the case defendant testified on direct examination that he had been previously convicted of the felony of assault.[1] He further testified that he had not been convicted of any other felony. On cross-examination he again denied that he had been convicted of any other felony. He subsequently admitted that he was convicted of something in California but he did not know if it was a felony. That conviction arose out of a burglary. Petitioner further testified that he "had been convicted for some peace disturbance." After a number of evasive answers he testified that he had been in the workhouse in St. Louis but he didn't remember when. He was there more than once. He was asked if he were there for "a felony or misdemeanor" he answered, "some tickets." The Court explained to petitioner that counsel was not asking for traffic offenses. Petitioner explained that in California he was convicted of the burglary and in May of 1965 was sentenced to 40 days for assault and battery. Defendant did not contend that any of his convictions was invalid because he was not represented by counsel. The objections made during

this line of questioning were primarily that defendant was not aware of the difference between a misdemeanor and a felony.[2] Petitioner did not contest the validity of the impeaching convictions at trial or post-trial nor did he raise the issue as plain error on direct appeal.

█ A felony conviction obtained without the assistance of counsel is invalid unless there is a waiver of that right. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). A conviction which is invalid under *Gideon* may not be used to convict an accused pursuant to the Second Offender Act, Section 556.280, RSMo.1969. *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). It is now clear that such an invalid conviction may not be used to impeach defendant's credibility. *Loper v. Beto,* 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972).

█ The question presented to this court however is whether a defendant, in a criminal trial, may refrain from objecting to evidence of prior convictions, used for the purpose of impeachment, on the ground that they are constitutionally invalid, go through post-trial motions and appeal without raising the issue and then raise the question for the first time on a motion under Rule 27.26.

A defendant is usually in the better position to know whether he had been convicted

---

1. This previous conviction which formed the basis of his conviction under the Second Offender Act is not brought into question here.

2. "Q. Have you ever been convicted of anything else whether it was a felony or a misdemeanor, any other felonies or misdemeanors that___other than these two? °
A. Yes.

. . . . .

A. I have been convicted for some peace disturbance.
Mr. Bobinette: I would object, your Honor, at this time___may I approach the bench?
The Court: Yes.
(The following proceedings took place at the bench outside the hearing of the jury:)
Mr. Bobinette: My objection is that Mr. Gamache is not aware of what the difference is between a misdemeanor and a felony, the peace disturbance which he has related · to could possibly___

. . . . .

Q. (by Mr. Brown) Mr. Gamache, have you ever been convicted of any other felonies or misdemeanors?
Mr. Bobinette: Your Honor, I would object unless they are defined to the defendant, what a misdemeanor and felony is.

. . . . .

Q. (by Mr. Brown) All right. Well, have you ever been___that burglary and assault of a police officer or felony; is that correct?
Mr. Bobinette: Objection, there is no showing of that
The Court: Just ask him, Mr. Brown, and let's get along with the case.
Q. (by Mr. Brown) All right. Were you convicted in California as a result of this incident occurring on May 13th, 1965, of assault and battery and sentenced to 40 days?
A. Yes, sir."

without the assistance of counsel, or without an intelligent waiver of his 6th Amendment Right. Defendant here in his motion offered no explanation for his failure to raise the issue in the underlying case. At the trial defendant alone knew whether he was going to testify on his own behalf. He knew that if he testified he would be subject to cross-examination as any other witness, that in cross-examination he could expect to be impeached by prior convictions, if any. *State v. Busby,* 486 S.W.2d 501 (Mo. 1972); § 546.260 RSMo.1969. He was in a position to raise the question of the validity of any convictions which he may have had at the trial.

Defendant's failure to raise this issue at some stage of the proceedings in the underlying case constitutes a bypass of orderly state procedure; thus this case is ruled by *McCrary v. State,* 529 S.W.2d 467 (Mo.App. 1975). We can add nothing to the scholarly dissertation of *McCrary.*

The obligation of raising an issue such as this does not place an undue burden upon a defendant in a criminal case. To the contrary it serves to bring about a more expeditious disposition of criminal cases.

The trial court did not err in overruling petitioner's motion without an evidentiary hearing.

The judgment is affirmed.

McMILLIAN, P. J., and RENDLEN, J., concur.