**Ernest TURLEY, Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**No. 38788.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 8, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

John A. Eigel, Warrenton, for plaintiff-appellant.

John D. Ashcroft, Atty. Gen., Carson W. Elliff, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

SMITH, Judge.

Appellant, Ernest Turley, appeals from a judgment entered by the circuit court denying, without an evidentiary hearing, his Rule 27.26 motion for post conviction relief. On October 5, 1972, the circuit court of Warren County entered judgment of conviction upon a jury verdict finding appellant guilty of armed robbery and sentenced him as a second offender to twenty (20) years imprisonment. On appeal we affirmed this conviction. *State v. Turley*, 518 S.W.2d 207 (Mo.App.1975). In his 27.26 motion, appellant contends that his prior convictions were invalid because he was without assistance of counsel and therefore, he was improperly sentenced as a second offender. He requests to be sentenced without consideration of these allegedly invalid convictions. This would presumably, however, require a new trial on guilt.

The state argues that because the appellant did not raise this issue in the direct appeal of his conviction he is precluded from asserting it in his 27.26 motion.

This case is governed by *Gamache v. State*, 548 S.W.2d 594 (Mo.App.1977), decided by this court. The facts are almost identical to the present case. Gamache was

convicted of robbery and sentenced pursuant to the Second Offender Act. In his 27.26 motion he alleged that the Act was inapplicable to him because his previous convictions were without counsel and without a voluntary waiver of counsel. The trial court denied the motion without an evidentiary hearing, because Gamache failed to raise this issue on the direct appeal of his conviction. We affirmed, relying on *McCrary v. State*, 529 S.W.2d 467 (Mo.App. 1975). In *McCrary* this court stated: ". . . an issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in a post conviction motion, except . . . in rare and exceptional circumstances. . ." *Id.* at 472.

There are no such rare and exceptional circumstances set forth in Turley's motion. *See also Montgomery v. State*, 529 S.W.2d 8 (Mo.App.1975).

Judgment affirmed.

CLEMENS, P. J., concurs.

McMILLIAN, J., dissents in separate opinion.

SMITH, Judge, concurring.

I concur in the majority opinion, which adequately covers the matters raised by movant in his brief. In view, however, of the attack leveled *ex gratia* by the dissent against *McCrary v. State*, 529 S.W.2d 467 (Mo.App.1975) and *Gamache v. State*, 548 S.W.2d 594 (Mo.App.1977), I believe some expression of my personal reasons for believing those opinions to be sound is warranted.

I start from the basic belief that any sound judicial system must function with rules of procedure and rules of evidence. If these rules are followed, the trial of litigated matters should result in presenting to a jury the evidence and law upon which it must make its factual decision. Our system is an adversary one and, with few exceptions, invocation of the rules of evidence is a responsibility of the litigant acting through his attorney. This is a part of our procedure. The trial judge functions as a neutral arbiter. Again, with few exceptions, it is not the court's function to intervene in the handling or strategy of the trial or to make evidentiary rulings where none are requested. This is for good reason. The lawyer and his client are presumably far more knowledgeable about the strengths and weakness of the litigant's case and are in a far better position to determine the strategy which will be utilized in the trial than is the trial judge.

Our rules of procedure, therefore, require that evidence which is objectionable be objected to. If it is not, it is presumed that the litigant does not desire to prevent its admission—in short, the objection is waived. If the rules of evidence and of procedure are followed, it may also be presumed that a fair trial has occurred and that the determination of the fact finder has been made upon a proper consideration of the evidence and law before it. Any sound judicial system must also provide for the termination of litigation. If matters are to be relitigated because a litigant has decided that he should have tried the case differently, then obviously litigation will never end for the possibilities of strategy and tactics are nearly endless. Our judicial system, therefore, has established a basic concept that if a suit has been fairly tried it is not to be tried again simply because a litigant has a new theory or strategy.

However, there must necessarily be exceptional situations where circumstances are such that absolute adherence to the above mentioned precepts will result in injustice. This is particularly true in the criminal law area, where the courts are dealing with the life and freedom of the individual. These are accorded such ultimate priority in our system of government that special rules have been created to insure that injustice does not occur. But, those rules are triggered by exceptional circumstances. Rule 27.26 is such a rule.

The dissent has lifted the language of Rule 27.26(b)(3) from the context of the entire rule and concluded that Rule 27.26 is available anytime a prisoner in custody alleges a trial error having constitutional

basis. I have several difficulties with this approach.

First, I doubt that a trial *error* exists if no objection was made in the trial court. As previously pointed out, trial courts rule on objections and convicting a trial judge of error when no objection is made should be a most unusual occurrence.

Secondly, I question that a "trial error affect[s] constitutional rights" where a defendant has waived his constitutional objection by failing to raise the matter. It is clear that even constitutional claims may be waived. Waiver occurs when a defendant fails to raise the matter.

Thirdly, it is a rare trial error that does not have some constitutional basis. Hearsay evidence denies a litigant the right of confrontation; (*State v. Sykes*, 569 S.W.2d 258 (Mo.App.1978); confessions almost always have Fifth Amendment implications; physical evidence taken from a defendant normally raises Fourth Amendment considerations; identifications frequently involve due process questions or right to counsel considerations; relevance may raise due process questions; voir dire questioning or failure to excuse a juror can present trial by jury problems; impeachment, enhancement of punishment, or application of the second offender act by prior convictions raise trial by jury, right to counsel, and due process difficulties. The list could go on. I simply do not believe that the last sentence of Rule 27.26(b)(3) was intended to allow post-conviction relief for every non-objected to bit of evidence admitted which might be claimed to be constitutionally offensive. If that is what the sentence means, it is simply a euphemistic method of granting a second trial and/or second appeal contrary to the first sentence of the subparagraph.

Lastly, I believe that the scope of errors covered by Rule 27.26(b)(3) is to be determined by the nature of the relief authorized under that rule. That relief is limited to claims that the sentence imposed was in violation of the Constitution and laws of this State or the United States, or that the court lacked jurisdiction, or the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See* Rule 27.26 first paragraph. This is further clarified by paragraph (i) of the rule which limits relief on constitutional claims to those in which a denial or infringement occurred sufficient to render the judgment subject to collateral attack.

It was within this framework that this court decided *McCrary* and *Gamache*. There is reference in those cases to the failure to raise the alleged error on appeal. But, the scope of those opinions is broader than that. The established procedure in this state is that litigants, including defendants in criminal cases, are required to raise objections in the trial court, preserve them for review, and raise them on appeal. Relief under Rule 27.26 is not a substitute for these procedures. The teaching of *McCrary* and *Gamache* is that trial errors will not be considered in a 27.26 proceeding unless the motion alleges some factually and legally sufficient reason why the matter was not or could not be raised during the trial and appeal. Whether we couch our reasons in terms of bypass, trial strategy, or simply "sandbagging", trial errors which could and should have been raised at trial and on appeal should not constitute proper grounds for Rule 27.26 relief.

The constitutional doctrines which Turley now seeks to invoke were well established at the time of his trial in 1972. As we pointed out in *Montgomery v. State*, 529 S.W.2d 8 (Mo.App.1975), the question of whether defendant was a second offender was a question of fact to be determined by the trial court and that factual determination was subject to review upon appeal. Turley alleges no reason in his motion why the matter could not have been raised at the trial and on appeal. And, as pointed out in *Gamache, supra*, he was in the best position of anyone to know whether he had counsel.

Rule 27.26 serves a highly useful function in our system of justice. It provides a reasonable and proper method of correcting injustice. That function is not well served by allowing its use to review matters which properly should have been raised at trial and on appeal.

McMILLIAN, Judge, dissenting.

I dissent. Although I did originally agree with *McCrary* and *Gamache,* I am now of the opinion that they are erroneous because they were decided contrary to the language and intent of Rule 27.26(b)(3). For the same reasons that I believe these cases should no longer be followed, I would hold that appellant is entitled to raise his claim of error in a Rule 27.26 motion.

I have two basic problems with the *McCrary* decision. First, *McCrary* relies on federal case law which addressed federalism questions and is inapplicable to wholly internal state proceedings such as our Rule 27.26 post conviction procedure. Second, by attempting to follow the "trend" in other states, *McCrary* overlooks significant differences between the statutes or rules governing post conviction relief in those states and Missouri's post conviction rule.

The *McCrary* decision begins its analysis with *Fay v. Noia,*[1] 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) which, in relevant part, states:

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state proce-

dures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits . . . . .

*Id.* at 439, 83 S.Ct. at 849. Following *Fay v. Noia,* the court in *McCrary* reasoned that in Missouri, if an appellant could have raised an issue (including constitutional issues) on direct appeal and did not, he has deliberately bypassed state procedure and cannot raise the issue in a post conviction motion, 529 S.W.2d at 472.

There are several factors in *Fay v. Noia* which make this jump in reasoning somewhat misleading. First, the United States Supreme Court, in developing the deliberate bypass doctrine was concerned solely with the federalism problems presented when federal courts review state court rulings on habeas corpus petitions.[2] The Supreme Court addressed three possible limitations on federal review of a state prisoner's habeas corpus petition, one of which was whether the prisoner waived his right to federal review by failing to pursue available state remedies.[3] Federalism questions arise in this context in two ways: (1) should the federal court refuse to hear the claims because the state courts, which imposed the sentence, may not have heard or passed upon the defendant's claim; and (2) should the federal interest in protecting constitu-

---

1. Noia was convicted of murder and given a life sentence. His co-defendants appealed their sentences which, after 14 years, were set aside when it was established on federal habeas corpus review that their convictions had been coerced by "satanic practices." Noia, whose confession was similarly obtained, then sought post conviction relief in the state court but it was held that his failure to appeal his conviction directly barred this relief. He then brought an action for federal habeas corpus relief.

2. In our judicial system there are two independent court systems—the courts in each state and the federal courts. Numerous doctrines have developed to minimize direct conflicts between the two (*see, e. g.,* 28 U.S.C. § 2254 which requires a habeas corpus petitioner to exhaust all state remedies before presenting his

case before federal courts; *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and progeny which limits the ability of federal courts to enjoin state criminal and quasi-criminal proceedings). *Fay v. Noia* is another attempt to minimize direct conflicts by delineating when federal courts may review state court rulings on habeas corpus petitions without unduly encroaching upon state court prerogatives to supervise their criminal systems.

3. The state argued that federal review was barred for three reasons: Noia's failure to appeal was an adequate state ground for the decision; Noia failed to exhaust his state remedies, and, Noia waived his right to assert his claim by failing to pursue available state remedies. The Supreme Court found none of these limitations applicable. 372 U.S. at 430–35, 83 S.Ct. 822.

tional rights prevail over the state's interest in providing sanctions designed to promote use of relevant state procedures. In *Fay v. Noia,* the Supreme Court balanced the state and federal interests and concluded that a district court has the discretion to refuse a habeas corpus petition if it finds that the defendant deliberately bypassed available state procedures. The *McCrary* decision, which applies the general waiver doctrine of *Fay v. Noia* (i. e., if a defendant deliberately avoids state procedures, he waives his right to federal post conviction relief) to Missouri's Rule 27.26 for post conviction relief, does not take into consideration that the federal-state relationship and the problems of federalism which dominated the analysis in *Fay v. Noia* are inapplicable to internal state procedures.

The second factor in *Fay v. Noia* which is overlooked in *McCrary* is the Supreme Court's emphasis on the necessarily deliberate character of the bypass of state procedures. Court stated that the waiver must be " 'an *intentional* relinquishment or abandonment of a *known* right or privilege' "; that "a habeas applicant, *after consultation with competent counsel* or otherwise, *understandingly* and *knowingly* forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for *strategic, tactical,* or any other reasons that can fairly be described as the *deliberate* by-passing of state procedures"; and that "[a]t all events, we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner." [4] 372 U.S. at 439, 83 S.Ct. at 849 (emphasis added, citations and footnotes omitted).

In *McCrary* the court extended *Fay v. Noia's* "waiver" rule to considerably less "deliberate" actions by holding that the failure to raise an issue on direct appeal was within *Fay v. Noia's* directive of disallowing post conviction relief.

Another factor in *Fay v. Noia* which is overlooked in *McCrary's* wholesale application of the case to Missouri law is the Supreme Court's emphasis on the *discretion* of the federal court to refuse a habeas corpus petition upon finding a deliberate bypass of state procedures. The court stated: " . . . we recognize a *limited discretion* in the federal judge to deny relief to an applicant under certain circumstances. . . ."; "We therefore hold that the federal habeas judge *may in his discretion* deny relief to an applicant . . .." 372 U.S. at 438, 83 S.Ct. at 848 (emphasis added). *McCrary* denies state courts this discretion by imposing a mandatory duty on all courts to refuse a 27.26 motion which is based upon issues which were not raised below.

The above discussion is intended to dispel the mistaken impression in *McCrary* that its holding is mandated by federal law. Even more serious than *McCrary's* unwarranted application and extension of *Fay v. Noia* however, is its disregard of the specific language of the rule itself, which provides:

. . . Mere trial errors are to be corrected by direct appeal, *but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal.*

Rule 27.26(b)(3), V.A.M.R. (emphasis added). Immediately after citing the above language, the *McCrary* opinion states, " . . . The trend in many states is to hold that any matter which could have been raised on appeal cannot be raised on a post conviction motion, except in rare and excep-

**4.** The Supreme Court's finding that Noia's failure to appeal his conviction in state courts was not a deliberate bypass demonstrates how strictly the court is construing "deliberate." Noia, after consultation with counsel, made what appears to be a "considered" decision not to appeal his conviction in state courts, for if he won on appeal, and was retried, there was a chance Noia could get a death sentence rather than life imprisonment. It would seem that Noia's decision, if any, would be a deliberate bypass of available state procedures, however, the court found that his decision did not possess sufficient indicia of "deliberateness" to invoke the waiver doctrine.

tional circumstances." 529 S.W.2d at 471 n. 4, 472. This leaves the impression that other states have interpreted the language cited in the limited fashion advocated by *McCrary*. In every case cited by *McCrary* as indicative of this trend, however, the state statutes or rule at issue are significantly different from Missouri's: not one statute or rule in the cases cited includes the special allowance for review of constitutional errors which were not raised below which is expressly provided in the Missouri rule.[5] In fact, many of the state statutes explicitly provide that the constitutional point at issue must be raised below or waived,[6] which is clearly antithetical to the apparent intent of the Missouri rule. Thus, the *McCrary* opinion ignores the fact that the other states' decisions rest on statutes and rules significantly different from Rule 27.26.

The Kansas City District of the Missouri Court of Appeals in its recent decision of *McLallen v. State,* 543 S.W.2d 813 (Mo.App. 1976), was not persuaded by *McCrary's* reasoning. In *McLallen,* the defendant, who was convicted under the Second Offender Act, challenged the applicability of the Act on the same grounds as appellant in the present case: he did not have counsel at his previous convictions. Like appellant, McLallen did not raise this issue on the appeal of his conviction but raised it for the first time in his Rule 27.26 motion. Although the court eventually denied the motion, it first held a lengthy evidentiary hearing. The question of whether the defendant waived his right to raise the issue in a 27.26 motion by failing to assert it below did not even arise.

Because *McCrary* excises that portion of Rule 27.26 which explicitly provides for re-

---

**5.** In the following cases cited by *McCrary,* 529 S.W.2d at 473 n. 7, the relevant state statutes merely provide that post conviction relief is available, without mentioning any statutory policy as to issues raised for the first time in the post conviction proceeding: *Morrison v. State,* 283 So.2d 137 (Fla.Dist.Ct.App.1973) (Fla.Stat.Ann.RCrP 3.850 (West 1975) (Although the rule makes no mention of whether issues not raised on appeal of a conviction may be raised in a post conviction petition, the author's comments to the rule make clear that such issues should not be considered, Author's Comments, *id.* at 347–48.); *Tyson v. State,* 298 Minn. 559, 214 N.W.2d 461, 462 (1974) (Minn. Stat.Ann. § 590.01 (Supp.1978)); *State v. Martinez,* 85 N.M. 293, 511 P.2d 779 (Ct.App.1973) (N.M.Stat.Ann. § 21–1–1 (93) (1970); *Sellers v. Boone,* 261 S.C. 462, 200 S.E.2d 686 (1973) (S.C.Code § 17–351)).

In the following cases cited by *McCrary,* 529 S.W.2d at 473 n. 7, the relevant state statute provides that issues which were not raised below cannot be raised in post conviction proceedings, with no special provision for constitutional issues: *Gross v. State,* 320 N.E.2d 817 (Ind.Ct.App.1974) (Ind.Code Ann., § 35–10–2–1 [9–3302], Rule P. C. 1, §§ 1(b) 8 (Burns 1975); *Duguay v. State,* 309 A.2d 234 (Me.1973) (Me. Rev.Stat. tit. 14, §§ 5502, 5507) (1965); *Johnson v. Warden, Nevada State Prison,* 89 Nev. 476, 515 P.2d 63 (1973) (Nev.Rev.Stat. § 177.-375); *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974) (Pa.Stat.Ann. tit. 19, § 1180–4 (Supp.1978)).

In the following cases cited by *McCrary* the relevant state statute specifically provided that constitutional issues which were not raised below could be raised in post conviction petitions only in rare circumstances: *People v. Robinson,* 25 Ill.App.3d 52, 322 N.E.2d 505, 508 (1975) (Ill.Ann.Stat. ch. 38, § 122–3 (Smith-Hurd 1973)); *Walker v. State,* 216 Kan. 1, 530 P.2d 1235 (1975) (Rule 121(c)(3), 214 Kan. xxxix).

In the following cases cited by *McCrary* the constitutional challenges were to grand jury or arrest procedures, which either by common law or statute are treated differently because of their pre-indictment character: *State v. Hughes,* 128 N.J.Super. 363, 320 A.2d 182 (1974) (N.J. Rule 3:10–2); *Holiday v. State,* 512 S.W.2d 953, 954–55 (Tenn.Cr.App.1973) (Tenn. Code Ann. § 40–3812 (1971)); *State v. Kuecey,* 60 Wis.2d 677, 211 N.W.2d 453 (1973) (Wis. Stat.Ann. § 971.31 (West 1973)).

Lastly, in *Neighbors v. People,* 171 Colo. 349, 467 P.2d 804 (banc 1970), cited by *McCrary,* the court in fact held that the defendant was precluded from asserting an issue in his post conviction motion but in doing so carved out a narrow exception to Colorado's well-established position that "an error consisting of a violation of constitutional rights of a prisoner may be raised in a [post conviction] proceeding so long as it was not previously raised and disposed of on writ of error." *People v. Bradley,* 169 Colo. 262, 455 P.2d 199, 200 (1969).

**6.** *See* note 5, para. 3, *supra.*

view of constitutional errors in post conviction motions even though the error was not raised below, it directly frustrates the avowed purpose of Rule 27.26. When the United States Supreme Court extended the scope of federal habeas corpus review through several recent decisions,[7] the Missouri Supreme Court responded with Rule 27.26. This rule was intended to insure that Missouri courts held adequate hearings and developed full records on issues which might be heard in federal courts on habeas corpus petitions. The Missouri Supreme Court thought Rule 27.26 was an appropriate way to protect Missouri judgments because it would present the state's side of a case to the federal court and preserve evidence in case of reversal and retrial. See Anderson, Post Conviction Relief in Missouri—Five Years under Amended Rule 27.26, 38 Mo.L.Rev.L. 42 (1973). By restricting the availability of post conviction relief in the state courts, the McCrary opinion frustrates this purpose. It may be that this purpose is no longer practicable and the rule should be rewritten to limit the availability of post conviction relief but this is a decision which should be made directly by the body which created this relief and which should be spelled out in the Rule. If McCrary's de facto amendment to Rule 27.-26 is allowed to stand, the Rule must be considered illusory and misleading because it holds out that certain relief is available when, in fact, it is not.

For this reason, I would refuse to follow McCrary and Gamache as well because Gamache is based upon and supported solely by McCrary. I would argue that allegations of constitutional error, as provided in Rule 27.26, may be raised in post conviction motions even though they were not raised below. Therefore, I would conclude that the trial court erred in denying appellant's Rule 27.26 motion on the ground that his allegations of error were not raised below.

The state also argues that even if appellant's motion is not precluded under McCrary, he is not entitled to an evidentiary hearing because "the record affirmatively and conclusively shows that the appellant was accorded counsel or voluntarily waived his right to counsel in his prior convictions." The record on this point consists of a letter and exhibits. The exhibits are copies of the Informations for appellant's prior convictions and certified copies of the sentences and judgments of the courts in the prior convictions, which recite that appellant was represented by counsel or waived counsel. Absolutely no testimony or evidence was received from the appellant to explain, dispute, or supplement the letter and exhibits.

To disallow any testimony by the appellant, after receiving the state's letter and exhibits, is improper. Appellant has the burden of impeaching the evidence presented by the state, Garrett v. State, 459 S.W.2d 378 (Mo.1970), and must be given the opportunity to do so. In Garrett v. State, supra, the Missouri Supreme Court held that the trial court erred in relying solely on the records presented by the state to find that the appellant was represented by counsel at a prior conviction. It remanded to the trial court to ensure that the trial court considered the appellant's testimony concerning the records presented. Similarly, in Burrage v. State, 477 S.W.2d 118 (Mo.1972), the Missouri Supreme Court reversed the trial court which relied solely on court records to find that the appellant voluntarily waived his right to a jury trial. The supreme court ordered that an evidentiary hearing should be given to allow appellant the opportunity to rebut the records introduced. As these cases demonstrate, it was improper for the trial court to deny appellant an evidentiary hearing in which he would have had the opportunity to meet his burden of impeaching the records presented by the state.

7. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Sand-ers v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

For the foregoing reasons I would reverse and remand for an evidentiary hearing on appellant's 27.26 motion.