STATE of Missouri, Respondent,

v.

Willie Lee WILLIAMS, Appellant.

No. 35713.

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 8, 1975.

**328**

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Henry J. Fredericks, Asst. Circuit Atty., St. Louis, for respondent.

Charles D. Kitchin, Public Defender, Michael C. Horn, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

CLEMENS, Presiding Judge.

Defendant was tried and convicted of murdering Michael Johnson and robbing Johnson's wife, Dorothy. The trial court sentenced defendant to consecutive terms of life imprisonment and twenty-five years. We affirm.

Murder was submitted on two theories: felony-murder and first-degree murder in common form. Defendant concedes he did not challenge either submission below. He now seeks reversal under the plain error rule, which requires that we determine submitting the instructions caused a "manifest injustice." Rule 27.20(c), V.A.M.R. We cannot so find.

The State's evidence showed the Johnsons and their children were at home when defendant and Grover McKinney entered their house. While Mrs. Johnson stood in the bedroom with her two children, she

saw McKinney standing near the front door holding her husband by his collar. She heard them argue but could not understand the words. Defendant entered the bedroom armed with an open knife, and Mrs. Johnson then tried unsuccessfully to get a shotgun from under her bed. Defendant grabbed the shotgun himself and demanded money. Mrs. Johnson handed him a coin purse containing forty dollars in change. When she refused defendant's demands for more money, he held the open knife on her three-year-old daughter and asked, "You love your children, don't you?" Mrs. Johnson then gave defendant four hundred dollars.

At about this time, Mrs. Johnson heard two shots from the front room. After the second shot, McKinney entered the bedroom with a handgun and told defendant to grab jewelry from the dresser and "come on." McKinney called to defendant several times, after which defendant took a pair of sunglasses from the dresser. The two men then ran out the front door. Mr. Johnson died from gunshot wounds.

■ On appeal, defendant first complains the felony-murder submission was unwarranted, since the evidence did not show he was acting in concert with McKinney when the latter fired the fatal shots into Michael Johnson. We disagree. When two persons commit a crime in concert, each person, whether actually or constructively present, is guilty as principal of crimes the other commits in pursuance of a common purpose or as a natural and probable consequence thereof. State v. Paxton, 453 S.W.2d 923[1, 2] (Mo.1970). The evidence showed defendant and McKinney came to the Johnson home together, that McKinney argued with and shot Michael Johnson while defendant was robbing Mrs. Johnson, that McKinney urged defendant to steal items from the dresser, that defendant stole a pair of glasses therefrom, and that the two men fled together. The jury could have found the murder occurred while defendant and McKinney were acting jointly with the common intent to rob Mrs. Johnson, and the jury was therefore properly instructed on felony-murder.

■ Defendant next contends the evidence did not support the first-degree murder instruction. The point presents nothing for review. Defendant did not object to the instruction at trial or in his motion for new trial, as required by Rule 70.02 (made applicable to criminal trials by Rule 28.01). Nor does defendant's brief set out the challenged instruction as required by Rule 84.04(e). Nor was there "plain error" since the evidence failed to show a resultant "manifest injustice" from the first-degree murder submission: "All persons who act together with a common intent and purpose in the commission of a crime are equally guilty even though they are not personally present at the commission of the offense . . . ." State v. Siekermann, 367 S.W.2d 643[1] (Mo.1963).

■ Defendant also contends the trial court erred in denying his motion to suppress Mrs. Johnson's in-court identification testimony. Before trial, police showed Mrs. Johnson a single photograph of defendant and permitted her to have a one-to-one view of defendant after his arrest. Evidence was that defendant had been Mrs. Johnson's schoolmate for several years. She saw him frequently for six years after leaving school, although she had not seen him for five years before the robbery. During the robbery Mrs. Johnson observed defendant closely for over ten minutes, and because she recognized him as a former schoolmate she promptly reported to police that it was defendant who had robbed her. The police showed Mrs. Johnson the photograph and permitted her to view defendant in order to verify her previous identification.

Even if the pre-trial procedures had been defective, the trial court did not err in refusing to suppress Mrs. Johnson's in-

court identification testimony, since her identification had a basis independent of the questioned pre-trial identifications. State v. Ross, 502 S.W.2d 241[2] (Mo. 1973), State v. Parker, 458 S.W.2d 241[3, 4] (Mo.1970). In view of Mrs. Johnson's long acquaintance with defendant, her prolonged close-range observation of him while he was robbing her, and her prompt report to police that it was defendant who had robbed her, the pre-trial identifications were not "so impermissively suggestive as to give rise to a very substantial likelihood of irreparable misidentification." State v. Reeder, 436 S.W.2d 629[2] (Mo.1969). And see State v. Garrett, 518 S.W.2d 97[2, 3] (Mo.App.1975), upholding the post-arrest showing the prosecutrix a single photograph of defendant when he was previously well-known to her.

■  Defendant finally contends the trial court committed a plain error in admitting corroborative testimony. (Defendant did not object to this testimony at trial or in his post-trial motion.)

On direct examination, Mrs. Johnson testified her identification of defendant was bolstered by the fact they had attended grade school together. After Mrs. Johnson was vigorously cross examined on this point, the State presented two witnesses who testified defendant had in fact attended that grade school. Defendant asks us to rule the trial court committed "plain error" in allowing what defendant labels "improper corroborative testimony." But the testimony of the two witnesses was merely cumulative. The alleged error in its admission was harmless. State v. Gaines, 261 S.W.2d 119[12] (Mo.1953). In any event, it caused no "manifest injustice" or "miscarriage of justice."

Finding no reversible error the judgment is affirmed.

KELLY and STEWART, JJ., concur.