John Earl MANNS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38785.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 18, 1977.

Robert C. Babione, Public Defender, Jeffrey J. Shank, Terry Burnet, Asst. Public Defenders, St. Louis, for movant-appellant.

## 372

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael Finkelstein, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Movant appeals the post-hearing denial of his Rule 27.26 motion. He contends "the State had denied him his right to a fair trial when it tried him first, thus denying him access to the testimony of the two co-defendants who had not yet been tried."

The underlying case charged an armed robbery by movant and two confederates whose cases were severed. The jury found movant guilty and the trial court sentenced him to 20 years' imprisonment. On appeal this court affirmed. *State v. Manns,* 533 S.W.2d 645 (Mo.App.1976).

Movant now—for the first time—alleges that he was denied a fair trial because he was tried first and each of his confederates, then awaiting trial, had invoked the Fifth Amendment when he sought their exculpatory testimony. Movant now argues, without citing authority, that the original trial court erred in trying him first, thereby depriving him of access to favorable testimony by his two confederates.

We need not reach the questionable merits of movant's complaint. He did not raise the point at trial, nor in his motion for new trial, nor did he brief it on direct appeal. It is not the function of a Rule 27.26 motion to adjudicate a movant's contentions of error that could have been raised in the underlying proceeding.

For each of these three reasons, we hold the point was not cognizable in a Rule 27.26 motion. *Johnson v. State,* 485 S.W.2d 73[2] (Mo.1972); *Fields v. State,* 468 S.W.2d 31[1] (Mo.1971); *Rogers v. State* (Mo.App., St. Louis District, No. 38,420, August 20, 1977).

Judgment affirmed.

SMITH and McMILLIAN, JJ., concurs.