Willie Lee WILLIAMS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 38874.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 25, 1978.

Motion for Rehearing and/or Transfer
Denied June 8, 1978.

Application to Transfer Denied
July 24, 1978.

Sara T. Harmon, Asst. Public Defender, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Presiding Judge.

Movant appeals the denial of his Rule 27.26 motion seeking to set aside his felony murder and first degree robbery convictions. He has raised four points of alleged error. As none has merit we affirm the denial of the motion.

The facts leading to movant's conviction are found in *State v. Williams*, 522 S.W.2d 327 (Mo.App.1975). Briefly, movant was convicted of felony murder by reason of a homicide committed by his accomplice during the course of an armed robbery. Movant was found to have actively participated in the robbery.

 Movant's first point on appeal from the denial of his 27.26 motion is that he was deprived of his right to due process by reason of alleged error in the burden of proof instruction submitted to the jury. "Matters regarding instructions are trial errors, and not properly subject for review on a Rule 27.26 motion." *Williams v. State*, 550 S.W.2d 821, 823 (Mo.App.1977). We therefore rule against movant concerning the alleged erroneous instruction.

 Movant next claims he was illegally jeopardized twice for the same offense, in that he was tried and convicted of armed robbery as well as felony murder based on that robbery. This point was not raised at trial in movant's motion for new trial nor in his direct appeal. The point is thus not a subject for Rule 27.26 relief. *Schleicher v. State*, 483 S.W.2d 393 (Mo. banc 1972); *Manns v. State*, 558 S.W.2d 371 (Mo.App. 1977).

 Movant's third point charges that his conviction under § 559.010 RSMo 1969, repealed 1975, must be reversed as the felony murder doctrine was unconstitutional as codified. Constitutional questions must be raised at the earliest possible opportunity in order to be preserved. *State v. Hegwood*, 558 S.W.2d 378 (Mo.App.1977). This Rule 27.26 proceeding is too late to raise movant's constitutional issue for the first time.

 Finally, movant asserts that the indictment which charged him with murder first degree, common form, afforded insufficient notice that he could be convicted under the felony murder doctrine. This issue is again a matter which could have been raised in the underlying proceedings; it was not. Hence, this point is not cognizable in a Rule 27.26 motion. *Manns v. State*, supra.

Judgment affirmed.

SIMEONE, C. J., and KELLY, J., concur.