**Franklin David WEIR, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 61330.**

Supreme Court of Missouri,
En Banc.

Nov. 14, 1979.

---

7. See Rule 28.02(e) (effective January 1, 1980) (superseding Rule 20.02(e)).

Michael J. Mann, Kansas City, for appellant.

John Ashcroft, Atty. Gen., M. Hillel Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Appellant, whose kidnapping conviction was affirmed in *State v. Weir*, 506 S.W.2d 437 (Mo.1974), seeks now to vacate the 10 year sentence through his Rule 27.26 motion. After an extensive evidentiary hearing the court denied appellant's motion and in this appeal he contends the court (1) erroneously found defendant was not twice put in jeopardy for the same offense; (2) improperly approved the trial court's action permitting dismissal of the assault charge and the filing of a kidnapping charge thereafter; (3) erroneously denied his claim of ineffective assistance of counsel and (4) mistakenly determined the movant voluntarily waived his right to trial by jury.

The Court of Appeals, Western District, affirmed the denial of 27.26 relief, but after opinion transferred the cause to this Court on respondent's motion that we might determine whether a claim of double jeopardy may be raised for the first time in a post-conviction proceeding. We find in the circumstances that this double jeopardy claim was cognizable in a post-conviction proceeding but the hearing court's denial of this and appellant's other claims was not "clearly erroneous." Accordingly, we affirm.

Weir was originally charged with common assault under § 559.220, RSMo 1969, in the Magistrate Court of Jackson County but that charge was dismissed. At the motion hearing Weir and one of his lay witnesses testified the assault charge was called for trial, witnesses sworn, presentation of evidence began and only then did the State dismiss the charge. On the other hand, original defense counsel from the assault proceeding testified in the motion hearing that no evidence was introduced on the charge before the magistrate. He stated the assault charge was dismissed before the hearing began and the kidnapping charge was filed the same day. The assistant prosecuting attorney who had represented the State in that proceeding also testified it was dismissed before presentation of evidence and the kidnapping charge was filed later that day. The prosecutor's explanation for filing and later dismissing the misdemeanor was that the victim had indicated she would soon be returning to Canada and the prosecutor hoped that by filing a misdemeanor charge the case could be finally disposed of before she left. He stated, that arriving in court for the assault trial he was informed Weir intended to seek a continuance. Learning this, he consulted with the victim and she agreed to return for trial. It was then the prosecutor determined to file a felony charge of kidnapping and dismiss the charge of common assault. Neither the record of the original trial nor

the opinion of this Court in the criminal appeal contain any objection on the double jeopardy grounds appellant now advances.

Whether a double jeopardy claim is cognizable in a post-conviction proceeding under Rule 27.26 has been questioned before.[1]

In many instances certain constitutional claims have been held inappropriate for post-conviction relief because they were not raised at trial or on direct appeal. See, *e. g.*, *Hemphill v. State*, 566 S.W.2d 200, 207 (Mo. banc 1978); *Turley v. State*, 571 S.W.2d 465 (Mo.App.1978); *Thompson v. State*, 569 S.W.2d 380 (Mo.App.1978). The following statement of the basis for such results appears in *McCrary v. State*, 529 S.W.2d 467, 472 (Mo.App.1975), "[I]t is now settled by numerous decisions in both the federal and state systems that where there is a deliberate bypass, whether for strategic, tactical, or other reasons, of orderly state procedure, a movant is precluded from raising a constitutional issue on a post conviction motion." Citing *Fields v. State*, 468 S.W.2d 31 (Mo.1971), in which this Court refused to consider in a 27.26 appeal a fourth amendment claim not preserved at trial, *McCrary* continued, "*Fields* recognizes that there may be a deliberate bypass of orderly state procedures where there is a total failure to raise a constitutional claim . . . ." 529 S.W.2d at 473. The United States Supreme Court recently recognized that the potential for "sandbagging" plays a pivotal role in determining the availability of post-conviction relief in the federal system under 28 U.S.C. § 2254. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This principle plays no less a role in resolving the cognizability questions under Rule 27.26. We agree with the statement of the *Wainwright* court that, "Any procedural rule which encourages the result that [trial] proceedings be as free of error as possible is thoroughly desirable, and the contemporaneous objection rule surely falls within this classification." *Id.* at 90, 97 S.Ct. at 2508.

■ We find no such "deliberate bypass" or "sandbagging" here, for in the type of double jeopardy claim *sub judice,* the concerns voiced in *McCrary* simply do not apply. Appellant Weir was prosecuted and convicted for kidnapping. He was initially charged with another crime, assault, which stemmed from the same factual setting. He had nothing to do with the dismissal of the assault charge and substitution of the kidnapping charge. A claim of prior jeopardy, had it been made *and proved* before or during his trial for kidnapping, would have permanently forestalled the second trial. Thus an attempt to "sandbag" or deliberately bypass makes no sense for a successful double jeopardy claim would have won not just the exclusion of evidence or a new trial after conviction but a final discharge. Where as here a successful claim of double jeopardy would result in a complete discharge for the defendant, we cannot see the potential for sandbagging. Compare *Wainwright v. Sykes*, 433 U.S. 72, 89, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We conclude the court properly took cognizance of petitioner's claim.[2] However, as noted in the well reasoned concurring opinion of *Turley v. State*, 571 S.W.2d 465, 467 (Mo.App.1978), the function of Rule 27.26, "is not well served by allowing its use to review matters which properly should have been raised at trial and on appeal." Given the Supreme Court's broad extension[3] of

1. Compare *Williams v. State*, 567 S.W.2d 370, 371 (Mo.App.1978) with *State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975). See also *Harris v. State*, 577 S.W.2d 140, 141 (Mo.App. 1979).

2. To the extent that *Williams v. State*, 567 S.W.2d 370 (Mo.App.1978) is inconsistent with the views expressed herein it should no longer be followed. We also note certain double jeopardy claims have been entertained in Rule 27.26 proceedings without apparent consideration or

specific reference to the cognizability issue. See *Ward v. State*, 451 S.W.2d 79 (Mo.1970).

3. This trend toward extension seems to have moderated somewhat in *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977). There the defendant was indicted separately for two offenses, one of which was arguably a lesser included offense to the other. He successfully opposed the Government's motion to consolidate the indictments for trial and in the first trial was convicted of the arguably

the double jeopardy doctrine it is likely that some double jeopardy claims might be subject to corrective action by a trial court short of discharge if raised in a timely fashion.

■ Having decided it was proper to reach the merits of Weir's double jeopardy claim, for reasons now discussed we affirm the trial court's judgment rejecting it. The common assault charge was a misdemeanor triable before a magistrate. § 543.010, RSMo 1969. In non-jury cases jeopardy attaches when the court begins to hear evidence. *Breed v. Jones*, 421 U.S. 519, 531, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Serfass v. United States*, 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Even though the Missouri constitutional guarantee against double jeopardy applies only when trial is by jury, the fifth amendment protection against double jeopardy of the United States Constitution encompasses non-jury trials as well and applies to the State through the fourteenth amendment. *Kansas v. Bott*, 509 S.W.2d 42, 44 (Mo. banc 1974). Thus, the rule in *Breed* and *Serfass* concerning the moment jeopardy attaches in a non-jury trial is applicable here. However, Weir's claim of double jeopardy rests solely on his testimony and that of another lay witness that the magistrate had begun to hear evidence on the assault charge. There was nothing in the criminal trial record indicating evidence had been presented to the court and the magistrate involved died prior to this hearing. The hearing court was entitled to believe the testimony of Weir's counsel and the prosecutor that the magistrate had not begun to hear evidence on the assault charge. The trial court apparently believed that Weir and his witness confused the appearance of Weir in magistrate court on the common assault charge with his appearance one week later in the same court for the preliminary hear-

ing on the kidnapping charge during which evidence was, of course, presented. The court was entitled to weigh the evidence on the fact question of whether the magistrate had begun to hear evidence of the assault charge and assess the credibility of the witnesses. *Baysinger v. State*, 552 S.W.2d 359 (Mo.App.1977). The court found jeopardy had not attached in the assault charge and this finding was not clearly erroneous.

■ Weir asserts in the alternative that if jeopardy did not attach on the assault charge, the State violated Rule 24.02 when it amended that charge to allege the offense of kidnapping. Rule 24.02 prohibits the filing of an amended information if an additional or different offense is charged and if substantial rights of the defendant are prejudiced. Here, the rule has no application because the assault charge was dismissed, not amended.

■ Weir next contends trial counsel's representation was ineffectual because he failed to bring in witnesses who should have been located and called. This contention stands in direct contrast to the following statement he made near the close of his criminal trial:

MR. BRUCE SIMON: All right, sir. Thank you Your Honor, I'd like to make a brief record, if I may, with Mr. Weir with respect to any other evidence which he may wish to present at this time.

THE COURT: Very well.

MR. BRUCE SIMON: Would you come up, Mr. Weir? Now Mr. Weir, you've earlier indicated—you've indicated with me just now that you were satisfied that everything had been brought out that was material to your defense.

THE DEFENDANT: Everything that was physically possible.

\*      \*      \*      \*      \*      \*

"lesser" offense. He then moved for a dismissal of the second charge on the ground he had already been convicted of a lesser-included offense and a second trial would constitute double jeopardy. A plurality of four Justices opined that even if one offense were included in the other, the defendant's own actions foreclos-

ed the protections of the double jeopardy clause: "[T]here is no violation of the Double Jeopardy Clause when [defendant] elects to have the two offenses tried separately and persuades the trial court to honor his election." 432 U.S. at 152, 97 S.Ct. at 2217.

MR. BRUCE SIMON: All right. Are you content now that we rest our defense? Can you think of any evidence that we have failed to produce or any witnesses that you'd like us to go find now before we rest?

THE DEFENDANT: I can't think of any.

MR. BRUCE SIMON: I think of none. Are you content then that we rest our defense?

THE DEFENDANT: Yes.

MR. BRUCE SIMON: You understand that once that's been done it cannot be reopened?

THE DEFENDANT: Yes . . .

The hearing court found Weir's trial counsel were highly experienced, and "they diligently prepared and tried the case." The record supports the finding and the contention is denied.

▉ Finally, Weir argues he was entitled to relief because he had not voluntarily waived his right to trial by jury on the kidnapping charge. The record shows the requirements of Rule 26.01(b) were fully met. Weir waived his right to jury trial in open court and the written waiver signed by Weir was entered of record. Further, Weir's trial counsel, Kenneth Simon and Bruce Simon, testified that he was active in his own defense and did not appear to be ill or suffering any disability. Weir contending he was incapable of appreciating the effect of the waiver because he had been administered the drug Prolixin while in jail, produced an expert witness who testified an effect of Prolixin was sedation but the effect would wear off in two to four weeks. The jail record showed the last time Prolixin was administered to Weir was about ninety days prior to his waiver of the jury trial. Although Weir testified he had received the drug within two to four weeks before his waiver, the records belie the claim.

The court found Weir was not under the influence of any drugs at the time of the trial and thoroughly understood the meaning and consequences of waiving a jury.

This finding is fully supported by the evidence.

The judgment is affirmed.

HENLEY, Senior Judge, and DONNELLY, SEILER, WELLIVER and MORGAN, JJ., concur.

BARDGETT, C. J., concurs in result.

HIGGINS, J., not participating because not a member of the Court when cause was submitted.