**Melvin BERRY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Bobby Dale BERRY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 11454, 11455.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1980.

Motions for Rehearing or Transfer
Denied June 2, 1980.

Application to Transfer Denied
July 15, 1980.

David L. Smith, Cantwell, Allman & Smith, Branson, for movants-appellants.

John D. Ashcroft, Atty. Gen., Mary C. P. Pincus, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

The Berry brothers sought postconviction relief under Rule 27.26, V.A.M.R., and following an evidentiary hearing the court entered judgments denying relief. We affirm.

The Honorable George Henry, Special Judge, presided at the evidentiary hearing and made and entered the following findings of fact and conclusions of law:

"[Movants] were tried on February 21, 1978, before a Taney County jury. The jury found them guilty of rape and fixed punishment at eighteen years under supervision of the Department of Corrections. Defendants were represented at all stages of the proceedings by Gail L. Fredrick, court appointed attorney. At the conclusion of the trial, Mr. Fredrick requested and was granted an additional thirty days within which to file a motion for new trial. No motion for new trial was filed and sentence in accordance with jury verdict was imposed on May 5, 1978.

"Defendants filed identical motions to vacate, set aside and correct judgment under provisions of Supreme Court Rule 27.26. Grounds being relied upon are not set out in the original motion, however. In setting out facts to support the grounds, defendants apparently intended to assert as grounds the following:

(1) Ineffective aid of counsel as a result of failure to file motion for new trial or appeal.

(2) Insufficiency of the evidence to establish the crime of rape.

(3) Unconstitutionality of Section 559.260 V.A.M.S. as a denial of equal protection under provisions of Article I, Section 2 of the Missouri Bill of Rights and the Fourteenth Amendment to the Constitution.

"Counsel appointed to represent defendants in the proceedings under Supreme Court Rule 27.26 was granted leave to amend adding an additional ground challenging the composition of the jury panel as being in violation of the Sixth and Fourteenth Amendments of the United States Constitution, claiming that the jury panel did not represent a fair cross section of the community in that the percentage of female jurors was disproportionate to the percentage of females in the county.

"Movants both testified that they desired counsel to file a motion for new trial and an appeal on their behalf. Gail Frederick [sic], counsel for defendants in the Circuit Court proceedings testified that no motion for new trial or appeal was filed because the defendants considered the possibilities of sentence in the event of a new trial and opted to let the conviction stand.

"Evidence presented on the jury selection process revealed that no challenge was made to the panel. To the contrary, a concerted effort by defendants was made to strike as many women as possible. The only woman remaining on the panel was left at defendants' insistance [sic] and against the advice of trial counsel.

"The constitutional questions raised for the first time on filing of defendants' motion to vacate comes too late. *Williams v. State* [Mo.App.], 567 S.W.2nd 370. Even if considered as timely filed, movants have failed to establish that females were excluded from service on the jury by reason of being female. The court is aware of no case supportive of the proposition that a jury panel is to be made up of males and females in the exact proportions of males and females residing within the county from which drawn. Selection by lot as provided for under provisions of Section 494.250 V.A.M.S. contemplates only that the clerk will draw out names until he gets the number required for the township. No prejudice to defendants having been shown their claim is denied.

"This court refuses as a fact that Gail L. Fredrick failed to file a motion for new trial or appeal for defendants only after consideration of all probabilities with the defendants; that the defendants made

the final decision not to file a motion for new trial and not to appeal. *State v. McClain* [Mo.App.], 451 [541] S.W.2nd 351, 355. Counsel having acquiesced in defendants' decision not to file motion for new trial or to appeal cannot now be found to have inadequately represented defendants.

"There being no evidence presented to the court on insufficiency of the evidence to convict, this point is found against movants."

We have reviewed the foregoing findings and conclusions in light of the evidentiary hearing transcript. We do not find them to be clearly erroneous. Rule 27.26(j).

Judgment in each case affirmed.

All concur.