**Kenneth Charles SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32539.**

Missouri Court of Appeals,
Western District.

Jan. 26, 1982.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Priscilla Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and DIXON and PRITCHARD, JJ.

SHANGLER, Presiding Judge.

The movant Smith appeals from an adverse judgment on a Rule 27.26 motion to vacate concurrent twelve-year convictions

and sentences for robbery. The movant alleged the convictions were for the same offense and so violated constitutional double jeopardy.

The convictions were entered on pleas of guilty to four counts of robbery. The evidence at the felony trial was that on a certain date Smith seized money and property from four different persons at a motel as a companion held a gun on the victims. The court sentenced the movant to four concurrent twelve-year sentences.

 The movant contends only one criminal transaction occurred: one course of robbery of several persons all by the same evidence—thus, three of the sentences imposed by the criminal court were duplicitous and unlawful. In the determination of double jeopardy, Missouri law does not apply the same transaction rule but applies, rather, the separate or several offense rule. That rule directs double jeopardy to the identity of the offense, and not to the conduct. *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61, 64[3] (1930). Thus, a defendant may be accused and convicted lawfully of several offenses which rest on the same transaction or set of facts. *State v. Carter*, 535 S.W.2d 537, 538[1] (Mo.App.1976). *State v. Moton*, 476 S.W.2d 785 (Mo.1972) gives exact application of that principle to validate multiple convictions for robbery from the same transaction against the contention of an infringement of constitutional double jeopardy.[1]

The judgment is affirmed.

All concur.

---

1. The litigants do not mention whether the double jeopardy contention was adjudicated on the direct appeal and if not whether that claim is of the sort which may be raised for the first time on a postconviction proceeding within the prescription of *Weir v. State*, 589 S.W.2d 256 (Mo. banc 1979). We assume so.