James Ray HULSEY, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12390.

Missouri Court of Appeals,
Southern District,
Division Two.

March 22, 1982.

vacate his 25-year prison sentence for first degree robbery, following his 1975 conviction in Jasper County.[1] The trial court conducted an evidentiary hearing at which movant and his trial attorney testified. The court made and entered written findings of fact, conclusions of law, and entered judgment denying movant relief. We affirm.

Hulsey contended his trial attorney was ineffective in the following respects: (1) the attorney did not challenge the systematic exclusion of women from Jasper County jury panels by filing a motion to quash the panel from which the trial jury was selected; (2) the attorney refused to call certain witnesses in Hulsey's behalf; (3) the attorney conspired with the prosecuting attorney by destroying a tape recording of Hulsey's preliminary hearing.

The claim of ineffective assistance of counsel continues to be a standard ground asserted in practically every post-conviction proceeding reaching this court on appeal. This allegation carries a heavy burden of proof with a showing of prejudice to the claimant. *Jennings v. State,* 631 S.W. 2d 361 (Mo.App.1982).

At the evidentiary hearing, Hulsey did not present *any* evidence that women had been improperly excluded or underrepresented on jury panels in Jasper County. His unsupported allegations do not suffice as proof. Furthermore, Hulsey's trial attorney cannot be faulted for anticipating the ruling four years later in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). There is no merit in this point. *Benson v. State,* 611 S.W.2d 538 (Mo.App.1980); *Berry v. State,* 600 S.W.2d 184 (Mo.App.1980).

Hulsey complains because the attorney did not call him and his wife as witnesses. The attorney testified that he did not call his client because of the latter's prior criminal record. Hulsey's wife was not called to testify because the attorney

James F. DeNeen, Joplin, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Post-conviction proceeding under Rule 27.26, V.A.M.R., by James Ray Hulsey to

---

1. We affirmed movant's direct appeal in *State v. Hulsey,* 557 S.W.2d 715 (Mo.App.1977).

was aware that the wife's testimony could link Hulsey to the car used in the robbery. The matter of deciding which witnesses to call is a matter of trial strategy and does not provide an adequate basis for an attack on the competency of counsel. *Graham v. State*, 605 S.W.2d 535 (Mo.App.1980). The point is denied.

Hulsey offered no evidence that his attorney and the prosecuting attorney conspired to destroy, or did destroy, a tape recording of his preliminary hearing. The point is denied.

Hulsey's remaining points, seeking to attack the State's verdict directing instruction and complaints relative to the trial evidence, are matters of alleged trial errors which are not reviewable in this post-conviction proceeding. *Lee v. State*, 526 S.W.2d 329 (Mo.App.1975); *Mayo v. State*, 524 S.W.2d 181 (Mo.App.1975). A rule 27.26 motion cannot be used as a substitute for a direct appeal, or, as here, for a second appeal. *Lee v. State*, supra.

The judgment is affirmed.

PREWITT, P. J., MAUS, C. J., and HOGAN, J., concur.