Willie Lee **WILLIAMS**, Movant,

v.

**STATE of Missouri, Respondent.**

**No. 45600.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 14, 1982.

Motion for Rehearing/Transfer to Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied March 29, 1983.

Frank A. Bussmann, Clayton, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the dismissal of his second Rule 27.26 motion. We reverse.

In 1973, movant was charged by indictment with first degree murder acting with another in violation of § 559.010, RSMo. 1969 (current version at § 565.001 and § 565.003, RSMo.1978), and robbery in the first degree acting with another in violation of § 560.120, RSMo.1969 (current version at § 569.020, RSMo.1978). The evidence adduced at trial tended to show that movant and Grover McKinney knocked at the door of Michael and Dorothy Johnson and that they entered the Johnson apartment when Mr. Johnson opened the door. Movant, armed with a knife, entered the bedroom and demanded money from Mrs. Johnson. Mrs. Johnson overheard McKinney and her husband arguing in the other room and, at one point, saw McKinney holding her husband by the collar. While movant was still in the bedroom with Mrs. Johnson, two shots were fired in the living room. McKinney entered the bedroom, told movant to take some jewelry from the dresser, and the two departed. Mrs. Johnson found her husband lying in the living room floor, shot. Mr. Johnson died from the gunshot wounds. The court instructed the jury on robbery in the first degree, murder in the first degree, and felony-murder in the first degree. The jury found movant guilty of robbery in the first degree and of "murder in the first degree." The jury was not required to indicate, and did not indicate, which instruction it relied on in reaching its verdict of guilty on the murder charge.

Movant was sentenced to a term of life imprisonment on the murder conviction and to a consecutive 25-year term on the robbery.

Movant appealed from his conviction. We affirmed. *State v. Williams,* 522 S.W.2d 327 (Mo.App.1975). Movant then filed his first Rule 27.26 motion, alleging, inter alia, that his conviction of both robbery and first degree felony-murder had subjected him to double jeopardy. The trial court denied movant's motion, and we affirmed that denial, holding that double jeopardy could not be raised for the first time in a Rule 27.26 motion. *Williams v. State,* 567 S.W.2d 370 (Mo.App.1978). However, in *Weir v. State,* 589 S.W.2d 256, 258 (Mo.banc 1979), the Supreme Court of Missouri held that double jeopardy is cognizable for the first time in a Rule 27.26 motion absent evidence that the movant intentionally failed to raise the issue earlier. Finding no evidence that the movant here deliberately bypassed his opportunity to raise his double jeopardy claim earlier, we will consider that claim now.

In his present Rule 27.26 motion, movant again alleges that he was subjected to double jeopardy by his conviction of both first degree felony-murder and first degree robbery, and he seeks to have his robbery conviction set aside. It is not entirely clear whether the jury relied on the regular murder instruction or the felony-murder instruction in finding movant guilty of murder. However, in both movant's direct appeal and his previous appeal from denial of a Rule 27.26 motion, we have generally considered his conviction to be a felony-murder conviction. Further, in its motion to dismiss this Rule 27.26 motion, the state did not contend that the movant was convicted of regular murder. Rather it contended only that, because the murder and the robbery involved different victims, movant was not subjected to double jeopardy by his conviction of both offenses. We conclude that movant was convicted of felony-murder pursuant to the instruction that

provided that movant's perpetration of the robbery on Mrs. Johnson "stands in lieu of deliberation and premeditation."

██ Having determined that movant was convicted of felony-murder, we must now determine whether his conviction of the robbery as well was permissible. In *State v. Morgan*, 592 S.W.2d 796 (Mo.banc), *vacated*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980), *orig. op. aff'd*, 612 S.W.2d 1 (Mo. banc 1981), the Missouri Supreme Court stated, "It is therefore clear that under *Blockburger* [*v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306] as applied in *Harris* [*v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054], the felony relied on to prove intent in a felony-murder case is a lesser-included offense of the murder. Here stealing was a lesser-included offense of the second-degree murder." Id. at 803. Therefore, the Court held that convicting a defendant of both felony-murder and the underlying felony subjects him to double jeopardy. A short time later, the United States Supreme Court stated, "whether punishments imposed by a court ... are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized." *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980). In *State v. Olds*, 603 S.W.2d 501 (Mo.banc 1980), using the approach required by *Whalen*, the Missouri Supreme Court held that the state legislature had not intended "to allow a court to separately punish a defendant both for felony-murder and the underlying felony" and vacated the defendant's felony conviction. *Id.* at 510. The Missouri Supreme Court reached the same conclusion in *State v. Morgan*, 612 S.W.2d 1 (Mo.banc 1981), after the United States Supreme Court remanded that case for reconsideration in light of *Whalen*.[1]

We are constrained to follow the rulings of the Missouri Supreme Court in the *Morgan* cases and in *Olds*. Those rulings compel reversal of movant's conviction of rob-

bery. The state recognizes the status of the law, but contends *Morgan* and *Olds* do not apply here because there was one victim of the robbery and another of the murder. In *Morgan*, the defendant was convicted of stealing from a gas station attendant and of the felony-murder of a motorist killed during the defendant's attempt to escape the police. That there were two different victims did not affect the Supreme Court's determination that the underlying felony was used to prove the intent required for a conviction of murder. We are unable to distinguish this case from *Morgan*.

We find that in this case movant's robbery of Mrs. Johnson was used to prove the intent to murder Mr. Johnson, that the robbery was a lesser-included offense of the felony-murder, and that movant's conviction of both the robbery and felony-murder was impermissible. The judgment and sentence for the offense of robbery is reversed and held for naught.

CRANDALL, P.J., and CRIST, J., concur.

---

1. The imposition of multiple punishments for included offenses is now specifically prohibited by §§ 556.041—.046, RSMo.1978.