stealing imposed at the same time. One 27.26 motion was filed on both the burglary in the first degree and the assault in the first degree charges, and the trial court denied the motion without an evidentiary hearing. Hutchins appeals. The judgment is affirmed in accordance with Rule 84.-16(b).

Jerry HUTCHINS, Appellant,

v.

STATE of Missouri, Respondent.

No. 48740.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Marianne Marxkors, Asst. Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before DOWD, KELLY and CRANDALL, JJ.

### ORDER

PER CURIAM:

Appellant entered guilty pleas in the Circuit Court of the City of St. Louis to charges of burglary in the first degree, and assault in the first degree, §§ 569.160 and 565.050, RSMo 1978, respectively. He was sentenced to twelve years on each charge, to be served concurrently with one another and with another seven year sentence for

STATE of Missouri, Respondent,

v.

Charles K. STARR, Appellant.

No. 48772.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant, Charles Starr, appeals his conviction, after a jury trial, of two counts of robbery first degree, § 569.020 RSMo (1978), and one count of armed criminal action, § 571.015 RSMo (1978). He was found to be a prior offender, § 558.016.2. RSMo (Supp.1984), and sentenced by the court to twenty-five years' imprisonment on each of the robbery counts and five years' imprisonment on the armed criminal action count. All sentences were to run consecutively. We affirm.

Defendant does not challenge the sufficiency of the evidence to support the convictions. A detailed review of the facts is therefore unnecessary. There was clearly sufficient evidence to support the verdict on all counts.

Defendant's sole point on appeal challenges the trial court's denial of his motion for a mistrial which alleged that one of the jurors had "been sleeping on and off [for a] half hour." In overruling the motion, the trial judge indicated that he had observed the juror but did not think the juror had been sleeping. Defense counsel did not ask to question the juror or for any less drastic relief.

"The granting of a mistrial rests largely within the discretion of the trial court. The trial judge 'has observed the incident giving rise to the request for mistrial and is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal by action short of a mistrial.'" *State v. Pirtle*, 652 S.W.2d 272, 273 (Mo.App.1983) (quoting

*State v. Heather*, 498 S.W.2d 300, 303 (Mo. App.1973)). Here the court observed the event giving rise to the request, and determined that the request was based on a misperception of that event. Defense counsel made no attempt to establish, on the record, whether the juror had in fact been sleeping. Therefore, we find no abuse of discretion in the court's denial of the motion for a mistrial.

The judgment is affirmed.

DOWD and CRANDALL, JJ., concur.