**Theodore Roosevelt JOHNSON, Jr. Movant-Appellant,**

v.

**STATE of Missouri, Defendant-Respondent.**

No. 50090.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1985.

Application to Transfer Denied Jan. 15, 1986.

William J. Shaw, Public Defender, Maria Vitale Perron, Asst. Public Defender, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Presiding Judge.

Movant, Theodore Roosevelt Johnson, Jr. appeals from the denial of his second Rule 27.26 motion. We affirm.

On February 1, 1973, movant was convicted by a jury on two counts of murder in the first degree in violation of § 559.010 RSMo 1969 (current version at § 565.003 RSMo 1978), two counts of assault with intent to kill with malice in violation of § 559.180 RSMo 1969 (current version at § 565.050 RSMo 1978), and two counts of robbery in the first degree in violation of § 560.120 RSMo 1969 (current version at § 569.020 RSMo 1978). He was sentenced to two concurrent life terms and four concurrent terms of ninety-nine years, the latter to run consecutive from the life terms. We affirmed these convictions in *State v. Johnson*, 539 S.W.2d 493 (Mo.App.1976). Appellant filed a Rule 27.26 motion that was summarily denied by the circuit court and affirmed by this court in *Johnson v. State*, 574 S.W.2d 957 (Mo.App.1978).

On October 4, 1983, movant filed his second Rule 27.26 motion alleging he was subjected to double jeopardy by virtue of his convictions for felony murder and the underlying felonies of assault and robbery. This was not raised in the first Rule 27.26 motion. On February 22, 1985, the circuit court determined appellant's allegations involved only issues of law and did not hold an evidentiary hearing. On April 2, 1985, the circuit court made findings of facts and conclusions of law denying movant's Rule 27.26 motion. Movant raises two points on appeal: (1) that he was subjected to double jeopardy by his convictions of both felony murder and the underlying felonies of assault and robbery; and (2) that the felony murder instructions were ambiguous and misleading because they did not specify the name of the victim upon whom the underlying felonies were committed. We address movant's points in reverse order.

We are unable to find where movant raised the issue of ambiguity in the instructions in the trial court and therefore this point fails because it is not properly before this court. Furthermore, movant's attack on the state's verdict directing instructions are matters of alleged trial court errors which are not reviewable or cognizable as part of the post-conviction proceeding under Rule 27.26. *Hulsey v. State*, 631 S.W.2d 368, 370 (Mo.App.1982).

On movant's double jeopardy challenge the state claims the trial court properly denied movant's motion because: (1) movant failed to raise his double jeopardy claim in his prior Rule 27.26 motion; and (2) movant failed to carry the burden of showing that his double jeopardy claim could not have been raised in his prior Rule 27.26 motion. We disagree with these contentions.

In *Williams v. State*, 567 S.W.2d 370 (Mo.App.1978) we held that double jeopardy could not be raised for the first time in a Rule 27.26 motion. It was not until 1979 when the Supreme Court of Missouri first held that double jeopardy is cognizable in a Rule 27.26 motion absent evidence that the movant intentionally failed to raise the issue earlier. *Weir v. State*, 589 S.W.2d 256, 258 (Mo. banc 1979). Movant's first Rule 27.26 motion was brought prior to the holding in *Weir*, and therefore was not an available ground movant could have raised in his first motion. We find the claim of double jeopardy was properly before the trial court.

We now turn to the merits of movant's allegation of double jeopardy. Movant contends his constitutional right against double jeopardy was violated because he was convicted of both felony murder and the underlying felonies of assault and robbery.

In *Williams v. State*, 646 S.W.2d 848, 850 (Mo.App.1982), we held that where movant's robbery of one person was used to prove the intent to murder another person the robbery was a lesser-included of-

fense of the felony murder and movant's conviction of both the robbery and felony murder was impermissible. However, movant's conviction in the present case was not a felony murder conviction. The verdict directing instructions on the murder charges were pre-MAI. The state submitted its case upon a finding that movant "willfully, feloniously and with malice aforethought" killed the victim *and* the murder was "committed in the course of and during the perpetration of a robbery." The state, therefore, submitted its case conjunctively and assumed the burden of proving both willful murder with malice aforethought and felony murder, § 559.010 RSMo 1969.[1] As a result the jury was required to find and must have found the requisite intent of malice aforethought in the murder convictions. Because the murder convictions are not felony murder convictions the claim of double jeopardy fails.

We find that the holding in *Williams* and cases cited therein are distinguishable from the instant case because they apply only to felony murder. The trial court correctly ruled in denying movant relief under Rule 27.26 because no double jeopardy occurred.

Judgment affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.

---

1. The now repealed § 559.010 RSMo 1969 provided:

559.010. Murder in the first degree.—Every murder which shall be committed by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing, and every homicide which shall be committed in the perpetration or attempt to perpetrate any arson, rape, robbery, burglary or mayhem, shall be deemed murder in the first degree.