**Charles K. STARR,**
**Defendant-Appellant,**

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

**No. 52041.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 6, 1987.

Application to Transfer Denied
Sept. 15, 1987.

David C. Hemingway, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Movant appeals denial of post conviction relief. Movant's pro se Rule 27.26 motion was supplemented by an amended motion filed by appointed counsel. After an evidentiary hearing the court entered required findings of fact, conclusions of law and denied relief.

Defendant appealed his conviction and sentences of two counts of robbery first degree, Section 569.020 RSMo 1978, and one count of armed criminal action, Section 571.015 RSMo 1978. In the direct appeal movant did not challenge the sufficiency of the evidence to support the convictions. We there held no trial court error occurred in denying the movant's motion for mistrial on the basis that one of the jurors was sleeping during the trial. *State v. Starr*, 689 S.W.2d 704 (Mo.App.1985).

Both errors of the motion court argued on this appeal relate to movant's position that his trial counsel was ineffective under the standard adopted in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, movant claims his counsel was ineffective for failure to specifically object to testimony by a police officer witness for the state that defendant made a statement referring to recently being released from custody and having prior convictions on the ground that this was inadmissible evidence of uncharged crimes in a case where movant did not testify. The second claim of error relates to the failure of trial counsel to contact a co-defendant and to call defendant's brother to support an alibi defense. We find no error. We affirm.

In this civil proceeding movant bears the burden of proof. *Haynes v. State*, 534 S.W.2d 552, 554 (Mo.App.1976). "It is recognized that counsel is vested with broad latitude, *McQueen v. Swenson*, 498 F.2d 207, 216 (8th Cir.1974), is presumed to be competent, and is not to be adjudged incompetent by reason of what, in retrospect appears to be errors of judgment." *Id.* at 554. In order to prevail on a claim of ineffective assistance of counsel, a prisoner seeking post conviction relief must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would employ under similar circumstances, and that he was prejudiced thereby. *Seales v. State*, 580 S.W.2d 733, 736–37 (Mo. banc 1979).

Our review is limited to a determination of whether the findings, conclusions, and the judgment of the trial court are clearly erroneous. Rule 27.26(j). Such findings and conclusions are only clearly erroneous if, after review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Haynes v. State*, 534 S.W.2d at 554.

During movant's criminal trial a police officer witness for the state did place before the jury testimony that the defendant told him about prior convictions and that he had recently been released from jail. Trial counsel objected on the grounds that the statements were not voluntary. That position failed in a motion to suppress. Counsel adopted the same objection at trial. The motion court found no error on this account within the claim of ineffective assistance because the admission of evidence was a matter that could have been preserved in the motion for new trial and raised by direct appeal. Ordinarily such matters are not within the purview of Rule 27.26. However, under the present facts the nature of the error claimed on this appeal is that trial counsel failed to recognize and interpose the proper objection which, if made, would have prevented prejudicial and inadmissible evidence from coming before the jury. The same counsel failed to preserve the error in the motion for new trial. Accordingly it was not a matter for review on direct appeal. A claim of ineffective assistance of counsel grounded in the attorney's failure to object to crucial evidence is a claim separate and distinct from the issue of whether the trial court erred in admitting the proof. *See, Kenner v. State*, 709 S.W.2d 536, 540 (Mo. App.1986); *Adams v. State*, 677 S.W.2d 408, 412 (Mo.App.1984). Nor could the issue have been raised on direct appeal, except as a matter of plain error, because the suggested objection was not made.

We find that the basis on which the motion court decided this issue is inapplicable. The motion court relied on *Manns v. State*, 558 S.W.2d 371 (Mo.App.1977). Ineffective assistance was not the issue in *Manns* which held only that criminal trial court error is not reviewable as a matter of post conviction relief. However, in order to prevail movant must show a deficiency of the actions of counsel and prejudice and we consider the actions of counsel under the circumstances at the time of act or failure to act, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2066 (1984). We find no prejudice has been shown. First, movant testified he requested and expected to testify in his defense. By his testimony in support of this motion he testified that he requested the opportunity to testify in his own defense. The failure to object on the specific ground of reference to uncharged crimes occurred during the state's case and at a time when movant was insisting upon an opportunity to testify. If movant had testified then his prior convictions would have been before the jury and the evidence from the police officer would have been of no consequence. *Thereafter*, a decision was made that movant would not and he did not testify in his defense. But we judge a claim of ineffective assistance and prejudice under the circumstances and at the time of the alleged failure, not in retrospect. Second, the sufficiency of the evidence of guilt was not questioned either on direct appeal or in the present case. If we assume the other crimes objection was required by the stan-

dard of *Strickland* it does not follow that competent counsel could have obtained a different result. On the facts that is unlikely. *See, Love v. State,* 670 S.W.2d 499, 504 (Mo. banc 1984). Third, movant was tried as a prior offender and the jury did not determine punishment. It determined only guilt or innocence and found movant guilty. If trial counsel was ineffective for failure to make the specific objection based on "other crimes", movant's first claim of error fails. Movant has failed to sustain his burden of proof of prejudice.

Movant's second claim of error relates to the failure of trial counsel to call alibi witnesses designated by movant. Specifically movant claims that counsel failed to contact a co-defendant and failed to call his brother to support an alibi defense. The record discloses that the co-defendant was represented by counsel who prevented an interview by movant's trial counsel. Trial counsel cannot be found ineffective for failure to interview an unavailable witness. Subsequently the co-defendant entered a plea of guilty to the charge. Trial counsel interviewed movant's brother and testified that he decided not to call him as a witness. This was an informed decision. Other witnesses suggested by movant were interviewed and a determination was made that their testimony would not support an alibi defense. Informed decisions to call or not call witnesses are matters of trial strategy which will not support a finding of ineffective assistance. *Gentile v. State,* 637 S.W.2d 30, 32 (Mo.App.1982). Movant's trial counsel testified that he interviewed movant's brother and made an informed decision not to call him as a defense witness.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.